IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

YURIY SERGEYEVICH ANDRIENKO
SERGEY VLADIMIROVICH DETISTOV
PAVEL VALERYEVICH FROLOV
ANATOLIY SERGEYEVICH KOVALEV
ARTEM VALERYEVICH OCHICHENKO
PETR NIKOLAYEVICH PLISKIN

Criminal No. 20-316

**[UNDER SEAL]**

FILED
OCT 15 2020
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

**INDICTMENT MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Charles A. Eberle and Jessica Lieber Smolar, Assistant United States Attorneys for said District, and U.S. Department of Justice National Security Division, Cyber Deputy Chief Sean Newell and Trial Attorney Heather N. Alpino, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A Federal Grand Jury returned a seven-count Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| 1 | **Conspiracy to Commit Offenses Against the United States**<br>From at least in and around November 2015 through in and around October 2019 | 18 U.S.C. §§ 371 and 3559(g)(1) | ANDRIENKO<br>DETISTOV<br>FROLOV<br>KOVALEV<br>OCHICHENKO<br>PLISKIN |

| | | | |
|---|---|---|---|
| 2 | **Conspiracy to Commit Wire Fraud**<br><br>From at least in and around November 2015 and continuing through in and around October 2019 | 18 U.S.C. § 1349 | ANDRIENKO<br>DETISTOV<br>FROLOV<br>KOVALEV<br>OCHICHENKO<br>PLISKIN |
| 3 – 4 | **Wire Fraud**<br><br>On or about June 27, 2017 | 18 U.S.C. §§ 1343 and 2 | ANDRIENKO<br>DETISTOV<br>FROLOV<br>KOVALEV<br>OCHICHENKO<br>PLISKIN |
| 5 | **Computer Fraud - Damage to Computers**<br><br>On or about June 27, 2017 | 18 U.S.C. §§ 1030(a)(5)(A), 1030(c)(4)(B), and 2 | ANDRIENKO<br>DETISTOV<br>FROLOV<br>KOVALEV<br>OCHICHENKO<br>PLISKIN |
| 6-7 | **Aggravated Identity Theft**<br><br>On or about January 4, 2018, to February 1, 2018 (Count 6)<br>On or about January 23, 2018, and January 24, 2018 (Count 7) | 18 U.S.C. §§ 1028A(a)(1), 1028A(b), 1028A(c)(4), and 2 | ANDRIENKO<br>DETISTOV<br>FROLOV<br>KOVALEV<br>OCHICHENKO<br>PLISKIN |

## II. ELEMENTS OF THE OFFENSES

### A. As to Count 1:

In order for the crime of Conspiracy to Commit Offenses Against the United States, in violation of 18 U.S.C. §§ 371 and 3559(g)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendants conspired and agreed with another person to commit computer fraud;

2. That the defendants were a party to or member of that agreement;

3. That the defendants joined the agreement or conspiracy knowing of its objective to commit computer fraud and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendants and at least one other alleged conspirator shared a unity of purpose and the intent to achieve the objectives to commit offenses against the United States; and

4. That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

*Third Circuit Model Criminal Jury Instructions* § 6.18.371A.

**B. As to Count 2:**

In order for the crime of Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the conspiracy, agreement, or understanding to commit violations of 18 U.S.C. § 1343 as described in the Indictment, was formed, reached, or entered into by two or more persons.

2. At some time during the existence of the conspiracy, agreement or understanding, the defendant knew the purpose of the agreement, and, with that knowledge, then deliberately joined the conspiracy, agreement or understanding.

O'Malley, Grenig and Lee, 2 *Federal Jury Practice and Instructions* § 31.03 (2002) (revised to exclude overt act requirement, see *Whitfield v. United States*, 125 S. Ct. 687, 691 (2005); *United States v. Shabani*, 513 U.S. 10, 16 (1994)).

**C. As to Counts 3 – 4:**

In order for the crime of Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises or willfully participated in such a scheme with knowledge of its fraudulent nature;

2. That the defendant acted with the intent to defraud; and

3. That in advancing, furthering, or carrying out the scheme, the defendants transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

*Nat'l Sec. Sys. v. Iola*, 700 F.3d 65, 105 (3d Cir. 2012); *Third Circuit Model Criminal Jury Instructions* § 6.18.1343.

**D. As to Count 5:**

In order for the crime of Computer Fraud - Damage to Computers, in violation of 18 U.S.C. §§ 1030(a)(5)(A), 1030(c)(4)(B), and 2, to be established, the government must prove:

1. That the defendant knowingly caused the transmission of a program, information, code, or command to a computer or computer system;

2. That the defendant intended to cause damage to a protected computer, computer system, network, information, data, or program;

3. That the damage caused by the defendant was without authorization; and

4. That the offense resulted in (a) a loss of $5,000 during one year; (b) the damage of ten or more protected computers during one year; (c) the modification or impairment of the medical examination, diagnosis, treatment, or care of one or more individuals; or (d) a threat to public health or safety.

2A O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 42:15 (6th ed. 2008) (describing offense for 18 U.S.C. § 1030(a)(5)(A)).

**E. As to Counts 6-7:**

In order for the crime of Aggravated Identify Theft, in violation of 18 U.S.C. §§ 1028A(a)(1), 1028A(b), 1028A(c)(4), and 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendants committed a felony violation of a statute listed in 18 U.S.C. § 1028A(c); and

2. That the defendants, during and in relation to said felony violation, knowingly transferred, possessed or used, without lawful authority, a means of identification of another person.

18 U.S.C. § 1028A(a)(1).

## III. PENALTIES

**A. As to Count 1: Conspiracy to Commit Offenses Against the United States (18 U.S.C. §§ 371 and 3559(g)(1)):**

1. Individuals - The maximum penalties for individuals are:

(a) imprisonment of not more than 5 years (18 U.S.C. § 1030(c)(2)(B));

(b) a fine not more than the greater of;

(1) $250,000 (18 U.S.C. § 3571(b)(3));

or

(2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

(c) a term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

(d) Any or all of the above.

In addition, 18 U.S.C. § 3559(g)(1) provides that "[i]f a defendant who is convicted of a felony offense (other than offense of which an element is the false registration of a domain name) knowingly falsely registered a domain name and knowingly used that domain name in the course of that offense, the maximum imprisonment otherwise provided by law for that offense shall be doubled or increased by 7 years, whichever is less."

**B. As to Count 2: Conspiracy to Commit Wire Fraud (18 U.S.C. § 1349):**

1. Imprisonment of not more than the maximum number of years prescribed for the offense which was the object of the conspiracy (18 U.S.C. § 1349); specifically for wire fraud, the maximum penalty is twenty (20) years;

2. A fine not more than the greater of;

(a) $250,000 (18 U.S.C. § 3571(b)(3));

or

(b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the

sentencing process (18 U.S.C. § 3571(d));

3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

4. Any or all of the above.

**C. As to Counts 3 – 4: Wire Fraud (18 U.S.C. §§ 1343 and 2):**

1. Individuals - The maximum penalties for individuals are:

(a) imprisonment for not more than twenty (20) years;

(b) a fine not more than the greater of;

(1) $250,000 (18 U.S.C. § 3571(b)(3));

or

(2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

(c) a term of supervised release of not more than three (3) years (18 U.S.C. §§ 3559, 3583);

(d) Any or all of the above.

**D. As to Count 5: Computer Fraud - Damage to Computers (18 U.S.C. §§ 1030(a)(5)(A), 1030(c)(4)(B), and 2):**

1. Individuals - The maximum penalties for individuals are:

(a) imprisonment of not more than 10 years (18 U.S.C. § 1030(c)(4)(B));

(b) a fine not more than the greater of;

(1) $250,000 (18 U.S.C. § 3571(b)(3));

or

(2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

(c) a term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

(d) Any or all of the above.

**E. As to Counts 6 & 7: Aggravated Identity Theft (18 U.S.C. §§ 1028A(a)(1), 1028A(b), 1028A(c)(4), and 2):**

1. A term of imprisonment of two years to run consecutively with any other term imposed, except as stated in 18 U.S.C. § 1028A(b)(4) (18 U.S.C. § 1028A(a)(1), (b));

2. A fine not more than the greater of:

(1) $250,000 (18 U.S.C. § 3571(b)(3));

or

(2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3. A term of supervised release of not more than one (1) year (18 U.S.C. § 3583);

4. Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case as to Counts One through Seven, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

CHARLES A. EBERLE
Assistant U.S. Attorney
PA ID No. 80782

JESSICA LIEBER SMOLAR
Assistant U.S. Attorney
PA ID No. 65406

SEAN NEWELL
U.S. DEPARTMENT OF JUSTICE
NATIONAL SECURITY DIVISION
DEPUTY CHIEF, CYBER

HEATHER N. ALPINO
U.S.DEPARTMENT OF JUSTICE
NATIONAL SECURITY DIVISION
TRIAL ATTORNEY